UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMIE L. JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:25-CV-00006 SNLJ |
| SERGEANT HARRIS, et al., | ) ) ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the record. Self-represented plaintiff Jamie L. Jones, a civil detainee currently being held at Metropolitan Psychiatric Center in St. Louis, Missouri, filed the instant civil rights action on January 7, 2025. [ECF No. 1]. Plaintiff failed to pay the $405 filing fee or file a motion to proceed in forma pauperis. Additionally, the Court notes that this is one of five (5) cases plaintiff filed in rapid succession before this Court. *See Jones v. Missouri Dept. of Probation and Parole,* No. 1:24-CV-230 SNLJ (E.D.Mo.); *Jones v. Missouri Dept. of Mental Health*, No. 1:25-CV-0004 ACL (E.D.Mo.); *Jones v. Missouri Dept. of Probation and Parole*, No. 1:25-CV-00005 NCC (E.D.Mo.); and *Jones v. Mo. Dept. of Mental Health,* No. 1:24-CV-00229 JSD (E.D.Mo.).

Plaintiff's complaint is deficient and is subject to dismissal as written. The entirety of his "Statement of Claim is as follows:

> Suffering from self harm Jamie Jones was kept in a restraint chair for 96 hours eat and slept in the restraint chair psychological cabin fever all correction official didn't have Dr. Purrit Assit Jamie Jones for sudicde or send Jamie Jones to St. Fanics Medical center, due to Mercy hsptal was Southeast health Jail 8-17-24 – 8-21-24

ECF No. 1 at 5 (errors in original).

Under the injuries section, plaintiff writes "cabin fever" and "Psychologic Trama." *Id.* at 6. He seeks monetary damages. *Id.*

Because plaintiff's amended complaint is deficient as written, the Court will require plaintiff to amend his pleading on a Court-provided form. Plaintiff *must* provide a short and plain statement of *facts* that supports his claim against each named defendant. In order to state a claim for § 1983 liability, a plaintiff must allege facts connecting the named defendants to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). Even self-represented plaintiffs are required to set out not only their alleged claims in a simple, concise, and direct manner, but also the facts in support of such claims. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, plaintiff has not done so. While this Court must liberally construe self-represented filings, this Court will not construct claims or assume facts that plaintiff has not alleged. *See Stone v. Harry*, 364 F.3d 012, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the pro se plaintiff that assumed facts that had not been pleaded). The Clerk will provide him a form complaint and he will be given twenty-one (21) days to amend his complaint.[1]

Moreover, after review of Missouri.Case.Net,[2] the Court has found that plaintiff has been found incapacitated and incompetent to stand trial based on the written findings of the Department of Mental Health. *See State v. Jones*, 23CG-CR00919 (32nd Jud. Cir., Cape Girardeau County). He has also been placed under temporary guardianship by a Court-appointed guardian, Amanda

---

[1]Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint against the newly named defendant(s). *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.*

[2]This Court takes judicial notice of the Missouri State Court record before it, as obtained through the public records published on Missouri Case.net.  *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records).

Niekamp. *See In re the Estate of Jamie Jones,* No. 24BA-PR00535 (13th Jud. Cir., Boone County). A hearing for permanent guardianship is set for February 3, 2025.

Rule 17(c) of the Federal Rules of Civil Procedure provides in relevant part that "[t]he court *must* appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2) (emphasis added). "[I]ndividuals are incompetent for Rule 17 purposes if they lack the capacity to litigate under the law of their domicile." *Magallon v. Livingston,* 453 F.3d 268, 271 (5th Cir. 2006). Under Rule 17(c), a district court must appoint a guardian ad litem if it receives "verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003). The Court has taken judicial notice of both *State v. Jones* and *In re the Estate of Jamie Jones* showing verifiable evidence, including results from a Missouri Department of Health examination, that plaintiff requires a guardian because he is not competent to proceed with trial and is unable to provide for his essential needs or protect his property.

Given the tenor of plaintiff's current filings in not only this case, but his additional four (4) cases before the District Court, as well as the fact that he has been found incapacitated, incompetent to stand trial, and is currently under guardianship in the State of Missouri, the Court will Order plaintiff to show cause as to why he should not be required to have the permission of his Missouri guardian to pursue this action, as well as the appointment of either a guardian ad litem and/or next friend, in accordance with Federal Rule of Civil Procedure 17. Although Rule 17 does not require a district court to make a *sua sponte* determination of competency, whenever a question exists regarding a plaintiff's mental capacity, a Court should inquire as to whether guardian ad litem

3

should be appointed or whether the matter should be pursued by a next friend. *See, e.g., Graham v. Moran*, No. 21-CV-03973 (LTS), 2021 WL 5166071, at *2 (S.D.N.Y. Nov. 5, 2021) (quoting *Perri v. City of New York*, 350 F. App'x 489, 491 (2d Cir. 2009)); *see also Ferrelli v. River Manor Health Care Ctr.,* 323 F.3d 196, 201 (2d Cir. 2003) (Rule 17 does not "obligate[ ] a district court to monitor a pro se litigant's behavior for signs of mental incompetence."); *see also Lewis v. Newburgh Hous. Auth.,* 692 F. App'x 673, 674 (2d Cir. 2017) (noting that the duty to appoint a representative exists only with "actual documentation or testimony of the pro se litigant's mental incompetency" (internal quotation marks omitted)). *See also Berrios v. New York City Housing Authority,* 564 F.3d 130, 134-35 (2nd Cir. 2009) (where pro so plaintiff is incompetent, district court may not enter a *dismissal on the merits* that has res judicata effect without first appointing guardian).[3]

Accordingly,

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff copies of the Court's Prisoner Civil Rights Complaint form and the Motion to Proceed in Forma Pauperis – Prisoner Cases form.

---

[3]The Court notes that if plaintiff chooses to file a motion to proceed in forma pauperis, the Court will review his amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim. Such a dismissal of a pro se complaint for frivolousness under Section 1915(e)(2) is "not a dismissal on the merits." *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). If the Court dismisses plaintiff's amended complaint pursuant to 28 U.S.C. 1915(e)(2)(B), without prejudice, the Court would have discretion to deny a motion for appointment of a next friend or guardian ad litem. *See, e.g., Moreno v. Perez*, 2016 WL 1000318, at *2 (C.D. Cal. March 14, 2016) (dismissing complaint by incompetent plaintiff without prejudice under Section 1915(e) (2) and holding that "[t]he Court need not appoint a guardian" because it was "clear that no substantial claim can be raised on Plaintiff's behalf based on the allegations of the [complaint]"); *Merritt v. McKenney*, 2013 WL 4552672, at **4-5 (N.D. Cal. 2013) (same); *Mahoney v. State of New Hampshire*, 2015 WL 3794854, at *2 (D.N.H. June 17, 2015) (same); *Vasquez v. New York State Office of Mental Health*, 2016 WL 1312567, at *5 n. 5 (N.D.N.Y. April 4, 2016) (same); *see also, Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) (explaining that inquiry into whether to appoint guardian for a pro se litigant under Rule 17(c)(2) "would usually occur after the preliminary merits screening under ...28 U.S.C. 1915(e)(2)").

4

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court's Prisoner Civil Rights Complaint form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall either pay the $405 filing fee or submit a motion to proceed in forma pauperis on the Prisoner Cases Court-provided form. If plaintiff files a motion to proceed in forma pauperis, he shall also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that within twenty-one days of the date of this Order, plaintiff to show cause as to why he should not be required to have the permission of his Missouri guardian to pursue this action, as well as the appointment of either a guardian ad litem and/or next friend, in accordance with Federal Rule of Civil Procedure 17.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 13th day of January, 2025.

_/s/ Stephen N. Limbaugh, Jr._
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE