**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| JAMIE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:25-CV-00006 SNLJ |
| | ) |
| SGT. HARRIS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Jamie Jones' application to proceed in district court without prepaying fees or costs. [ECF No. 6]. Based on the financial information provided in the application, the Court finds that plaintiff is unable to pay the filing fee and will waive it. Additionally, for the reasons stated below, the Court will dismiss plaintiff's claim under 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed without prepayment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

## The Complaint

Self-represented plaintiff Jamie Jones, a civil detainee currently being held at the Metropolitan Psychiatric Center in St. Louis, Missouri, filed the instant civil rights action on December 9, 2024, against Sergeant Harris Unknown and Missouri Cape County Sheriff. [ECF No. 1].[1] He alleged that in August of 2024 he had been placed in a restraint chair for approximately four days, or 96 hours, and suffered from "cabin fever" and "psychological trauma." He sought monetary damages in his complaint. *See id.*

On January 13, 2025, the Court informed plaintiff that his "Statement of Claim" was deficient as written and directed him to file an amended complaint. [ECF No. 4]. The Court explained that his amended complaint needed to include a short and plain statement of facts that supported his claim(s).[2]

---

[1] Plaintiff initially filed his action in the United States District Court for the Western District of Missouri. The Western District Court transferred this action pursuant to 28 U.S.C. §§ 1391(b) and 1404(a) on December 20, 2024. [ECF No. 2].

[2] The Court additionally ordered plaintiff to show cause as to why he should not be required to have the permission of his Missouri guardian to pursue this action, as well as the appointment of either a guardian ad litem and/or next friend, in accordance with Federal Rule of Civil Procedure 17. Plaintiff did not comply and, thus, failed to show cause. The Court, however, will not address the competency issue as this action is being dismissed for failure to state a claim.

2

**The Amended Complaint**

Plaintiff filed his amended complaint on January 31, 2025, against Sergeant Unknown Harris at the Cape County Sheriff's Department, in his official capacity, and the State of Missouri. [ECF No. 5]. His allegations are not entirely clear, so the Court will quote his statement of claim in full:

> Seuris system will document Jamie Jones remain in a restraint chair for 96 hour starten 8-17-24 8-21-24 This was Cape County Jail.
>
> ECF No. 5 at 4 (errors in original).

Plaintiff seeks $100,000 in damages in this action.

**Discussion**

Plaintiff's claim against the State of Missouri is subject to dismissal for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Furthermore, an agency exercising state power is also not a person subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Additionally, plaintiff specifically sues defendant Sergeant Unknown Harris in his official capacity;[3] however, he has failed to indicate how Harris was involved in the alleged violations of his constitutional rights. Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of pro se complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

Furthermore, liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights); and *Love v. Schoffman*, 142 Fed. Appx. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible

---

[3]Plaintiff additionally fails to allege a policy, custom or failure to train claim against defendant Harris. *See, e.g., Mick v. Raines,* 883 F.3d 1075, 1079 (8th Cir. 2018) and *Marsh v. Phelps Cty.,* 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). As such, his claims against Harris under an official capacity theory cannot be maintained.

for each of the alleged harms"). Plaintiff's failure to connect defendant Harris to the events in the complaint is fatal to his claims against him. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs [ECF No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [ECF No. 7] is **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of March, 2025.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE